1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
8
EASTERN DISTRICT OF CALIFORNIA
9
10  GARY PAUL SMITH,                          Case No. 19-cv-00651-EPG (PC)
11              Plaintiff,                    SCREENING ORDER
12       v.                                   ORDER FOR PLAINTIFF TO:
13  MUNICIPALITY OF FRESNO, et al,            (1) FILE A FIRST AMENDED COMPLAINT; OR
14              Defendants.
                                              (2) NOTIFY THE COURT THAT HE WANTS
15                                            TO STAND ON HIS COMPLAINT, SUBJECT
                                              TO THIS COURT ISSUING FINDINGS AND
16                                            RECOMMENDATIONS TO THE DISTRICT
                                              JUDGE CONSISTENT WITH THIS ORDER
17
                                              (ECF NO. 1)
18
                                              THIRTY (30) DAY DEADLINE
19

20       Gary Paul Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*
21  *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the
22  complaint commencing this action on May 14, 2019, (ECF No. 1), and his First Amended
23  Complaint on June 10, 2019. (ECF No. 6).
24       The Court has reviewed the complaint and finds that Plaintiff has failed to state any
25  cognizable claim. Plaintiff now has options as to how to move forward. Plaintiff may file an
26  amended complaint based on the legal standards in this order if he believes that additional facts
27  would state additional claims. If Plaintiff files an amended complaint, the Court will screen
28  that amended complaint in due course. Alternatively, Plaintiff may file a statement with the

1

Court that he wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint alleges as follows:

Dr. Lavis Levy, Orthopedic Surgeon at Alvarado Hospital and Medical Center, inserted a nail wrong. Plaintiff knows this for two reasons. First, for four years Plaintiff was in excruciating pain and nobody would listen. Second, when a doctor finally listened, that doctor said "You had CDCR put hardware in and now you want us to remove it?" Plaintiff responded, "If that's what's causing the pain, yes."

Three weeks later, Plaintiff was sent to a specialist named Dr. Casey, an orthopedic surgeon at a hospital in Manteca. Dr. Casey told Plaintiff that the surgeon put the nail in wrong. Also, the screw had broken off and would not be able to get back half of it. Plaintiff broke his femur and cracked his left hip slipping on something at work at R. J. Donovan (RJD) P.I.A. Laundry. Ever since, Plaintiff has suffered from extreme pain in his left hip and thigh. Also, Plaintiff has scoliosis and DDD cervical in exactly the same place in his back.

Ever since Dr. KrPan [illegible] at SCC said, Plaintiff checked his T3 and Plaintiff asked how can you check a pill that's crushed and floated? The doctor said it happens all the time.

CDCR said that Plaintiff refused an appointment to follow-up with Dr. Levy. Plaintiff asks "Why wouldn't I go to ask him why I'm having so much Pain? Ask them to produce a signed refusal. They won't be able to." Plaintiff has a copy of a refusal with no signature or inmate refused to sign or correctional officer signature.

Plaintiff has scoliosis and severe DDD in practically the same area lower back.

Plaintiff has asked for the last 17 or 18 years to give him a decent pain reliever like T3, Vicodin, 15mg morphine or 5 or 10 mg of something called narco. If the prison is afraid Plaintiff will sell it, they could give it to him in a liquid or injection. Plaintiff is in a great deal of pain. This all stems from when he slipped at work at RJD PIA Laundry. Plaintiff asks "Why do they refuse me help?"

Plaintiff also alleges that he now walks as if he is going to fall. Peers and staff are always telling me this and it hurts like the devil with each step he takes. Dr. Kongara refuses to

live up to his Hippocratic oath in many ways. Nurse Zackary Taylor refuses Plaintiff everything and then tries to get him angry and when Plaintiff does he hides behind the correctional officer on duty.

Plaintiff has over 8000 pages of evidence. He wants to have a jury trial. He wants tax payers to really know that CDCR is wasting their taxes and it is not medical. The lousy food has child sized portions. Instead of hiring more correctional officers, their union restricts hiring so employees all get six figure incomes.

Plaintiff is sick and tired of CDCR employees being the cause of so much pain.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff's complaint fails to state a claim under these legal standards. As an initial matter, Plaintiff fails to provide specific allegations regarding what each defendant did or said to him. Instead, Plaintiff's complaint states generally that he is in pain and is not receiving proper treatment. These general allegations do not demonstrate that any specific defendant acted with deliberate indifference to his serious medical needs.

To the extent Plaintiff make specific allegations against any defendant, he claims that they have treated him improperly, especially in improperly putting a nail in his body after a fall. This allegation does not state a constitutional claim under the legal standards listed above. At most, Plaintiff appears to be stating that a doctor was negligent in treating him and did so poorly. But negligence in treating a medical condition does not rise to the level of an Eighth Amendment constitutional violation. Plaintiff does not allege that the doctors purposefully mistreated him or refused to provide him with treatment.

As for Plaintiff's allegations that his pain medication is insufficient, he does not describe any response by any medical professional indicating that they believe he needs additional pain medication yet fails to treat him. Instead, Plaintiff alleges his believes he needs additional pain medication. At most, this shows a difference of opinion between himself and his medical professionals. This does not state a claim for a violation of his Eighth Amendment rights.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to the district court judge consistent with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

      a. File a First Amended Complaint, which the Court will screen in due course; or

      b. Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to the district judge consistent with this order.

2. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:19-cv-00651-EPG; and

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 7, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE