UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUNICIPALITY OF FRESNO COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00651-DAD-EPG<br><br>ORDER RE: PLAINTIFF'S MOTION TO APPOINT COUNSEL, PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS AND EXTENSION OF TIME TO FILE AMENDED COMPLAINT, MOTIONS FOR ISSUANCE OF SUBPOENAS, MOTION TO SET ASIDE SENTENCE, AND MOTION FOR MISCELLANEOUS RELIEF<br><br>(ECF NOS. 10, 12, 14, 16, 17, 20) |

Gary Paul Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 14, 2019, (ECF No. 1.), and his First Amended Complaint on June 10, 2019. (ECF No. 6.) Plaintiff's First Amended Complaint generally alleges that Defendants Dr. Kongara, Dr. Levy, and appeals nurse Zachary Taylor acted with deliberate indifference to Plaintiff's serious medical needs.[1]

On November 7, 2019, the undersigned screened Plaintiff's First Amended Complaint and

---

[1] A summary of the factual allegations in Plaintiff's First Amended Complaint can be found in the Court's screening order. (ECF No. 7.)

found that it failed to state any claims upon which relief could be granted; thus, Plaintiff was given the option of (1) filing an amended complaint, or (2) notifying the Court that he wishes to stand on the complaint, in which case findings and recommendations would be issued to the district judge consistent with the screening order. (ECF No. 21.) To date, Plaintiff has not responded to the Court's screening order.

Prior to the Court issuing its screening order, Plaintiff filed several motions that are addressed in this Order, including: (1) a petition for a writ of mandamus and motion for extension of time to file amended complaint (ECF No. 10.), a motion to appoint counsel (ECF No. 12.), two motions for the issuance of a subpoena (ECF Nos. 16 & 20), a motion to set aside sentence (ECF No. 14.), and a motion for miscellaneous relief. (ECF No. 17.) For the following reasons, these motions (ECF Nos. 10, 12, 14, 16, 17, & 20) are DENIED.[2]

**1. Plaintiff's Motion to Appoint Counsel (ECF No. 12.)**

Plaintiff filed a motion for the appointment of pro bono counsel. Plaintiff claims that appointment of pro bono counsel is necessary because he does not know the law well, has little access to a legal library, and suffers from medical issues. (ECF No. 12.)

The Court will DENY Plaintiff's motion for the appointment of pro bono counsel without prejudice. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

---

[2] The Court also ordered Plaintiff to show cause why his action should not be dismissed without prejudice for failure to exhaust administrative remedies. (ECF No. 15.) Plaintiff submitted responses to that order. (ECF Nos. 18, & 19.) However, the Court has since screened the Complaint without considering the exhaustion issue, finding that Plaintiff has failed to state any cognizable claims. The Court may revisit the exhaustion issue upon finding that Plaintiff states a cognizable claim.

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims, especially after the initial screening found no cognizable claims. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and responses to Court orders. Finally, the Court is not able to determine from Plaintiff's conclusory allegations that he has been denied reasonable access to the law library.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

**2. Petition for Writ of Mandamus and Motion for Extension of Time to File Amended Complaint (ECF No. 10.)**

Plaintiff next requests an order from the Court, instructing "Fresno County Superior Court archives on E Street Fresno, CA 93706 to send this Petitioner a copy of 12-23-02 transcripts of that morning's court appearance." (ECF No. 10.) In the same motion, Plaintiff seeks an extension of time to file an amended complaint.

The Court construes Plaintiff's request for an order directing the Fresno County Superior Court to provide transcripts as a petition for a writ of mandamus and the Court will DENY the petition. To the extent Plaintiff seeks mandamus relief in the form of a federal court order requiring a state court or state officials to provide transcripts, this Court lacks authority to grant any such relief. *See Demos v. United States Dist. Court for the Eastern District of Washington,* 925 F.2d 1160, 1161-62 (9th Cir. 1991), *cert denied*, 498 U.S. 1123 (petition for mandamus to compel state court to take or refrain from taking some action "frivolous as a matter of law"); *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties") (citation omitted); *see also In re Campbell*, 264 F.3d 730, 731-32

3

(7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).

As for the request for an extension of time to file an amended complaint, the Court will DENY this request as unnecessary. First, the Court, in its screening order, has already given Plaintiff thirty (30) days to file an amended complaint. Second, the Court has not yet set a schedule in this matter; thus, there is no deadline for amendments to pleadings. Any motion for leave to amend that Plaintiff files will—until the issuance of a scheduling order—be judged under Federal Rule of Civil Procedure 15. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend under Rule 15 is ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive).

**3. Motions for Issuance of a Subpoena (ECF Nos. 16 & 20.)**

*a. September 23, 2019 Subpoena (ECF No. 16)*

On September 23, 2019, Plaintiff filed a subpoena into the record directed to the "Head of Fresno County Superior Court Archives." The subpoena seeks "all transcripts of plaintiff's court appearance of 12-23-02." (ECF No. 16.) It is not clear why this information is being requested, as Plaintiff's underlying lawsuit is one for medical indifference against two doctors and an appeals nurse. The Court construes this filing as a motion for the issuance of a subpoena. Plaintiff has failed to provide any explanation regarding the relevance to this case of the documents he is requesting. Thus, the request would be improper as the documents sought have no relation to Plaintiff's First Amended Complaint. *See* Federal Rule of Civil Procedure 26(b)(1) (setting forth the parameters of discovery and stating that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.").

4

Moreover, the Court has not opened discovery in this matter, so Plaintiff's attempt to issue a subpoena is premature. *See Reiman v. Does 1-10000*, 2007 WL 1575307 at *2 (W.D. Wash. May 22, 2007) (refusing to issue subpoena before the commencement of discovery in the absence of a court order). If the Court finds cognizable claims in this matter and orders that the case proceed to the discovery stage, the Court will instruct Plaintiff as to how to issue subpoenas.[3]

### b. October 24, 2019 Subpoena (ECF No. 20)

Plaintiff filed another subpoena into the record on October 24, 2019. (ECF No. 20.) The subpoena is addressed to "Warren, C., M.D, Head Pharmacist, Head of Internal and External Records." (*Id.*) Again, the Court construes this filing as a motion for the issuance of a subpoena. The Court will DENY this motion because, as indicated above, discovery has not opened and the request for a subpoena is premature. If the Court finds cognizable claims in this matter and orders that the case proceed to the discovery stage, the Court will instruct Plaintiff as to how to seek subpoenas.

### 4. Motion to Set Aside Sentence (ECF No. 14.)

On September 27, 2019, Plaintiff filed a motion to set aside sentence. (ECF No. 14.) Plaintiff seeks an order from this Court setting aside his criminal sentence imposed on January 23, 2003; Plaintiff claims that the sentence violates the terms of a plea bargain he entered into with a "different court." Plaintiff also appears to make the same demand for this Court to order the Fresno Superior Court to produce copies of transcripts related to his criminal proceedings.

For the reasons detailed above, this Court cannot order the Fresno Superior County Court to take such action. As to the motion for this Court to set aside Plaintiff's underlying criminal conviction, the motion is DENIED. Plaintiff's motion to set aside his criminal sentence is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

---

[3] Plaintiff also filed a variety of other documents along with the subpoena, which include, for example, some of Plaintiff's medical records, a portion of what appears to be a settlement demand to Defendants, multiple requests for interviews to the "Head of Inmate Trust Office," multiple CDCR 602 forms, a copy of Plaintiff's inmate statement report, and copies of transcript pages from a hearing that Plaintiff was involved in—presumably the underlying criminal proceedings. The Court has reviewed these documents in connection with Plaintiff's pending motions.

necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Burkeybile v. Young*, 457 Fed.Appx. 625, 626 (9th Cir. 2011) (dismissing state prisoner's § 1983 action challenging criminal conviction and sentence pursuant to *Heck v. Humphrey*). Plaintiff has filed the instant action pursuant to § 1983, which is not the proper mechanism to challenge a criminal sentence that has not been invalidated.

Plaintiff can challenge his sentence by filing the necessary appeals and, potentially, by filing a writ of habeas corpus.

**5. Motion for Miscellaneous Relief (ECF No. 17)**

On October 3, 2019, Plaintiff filed an assortment of papers which the Court has characterized as motion for miscellaneous relief. (ECF No. 17.) Upon further review of the papers, Plaintiff again seeks to challenge the validity of his criminal sentence, arguing that the judge changed the terms of the plea bargain he entered into without his knowledge or consent. Again, as discussed above, Plaintiff's challenge of his criminal sentence that has not been invalidated through this § 1983 action is improper and barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and its progeny. Plaintiff's motion for miscellaneous relief is DENIED.

Accordingly, for all of the reasons set forth herein IT IS ORDERED that:

1. Plaintiff's Petition for a Writ of Mandamus and Extension of Time to File Amended Complaint (ECF No. 10.) is DENIED;
2. Plaintiff's Motion to Appoint Counsel (ECF No. 12.) is DENIED without prejudice;
3. Plaintiff's Motions for the Issuance of a Subpoena (ECF Nos. 16 & 20) are DENIED;
4. Plaintiff' Motion to Set Aside Sentence (ECF No. 14.) is DENIED; and
5. Plaintiff's Motion for Miscellaneous Relief (ECF No. 17.) is DENIED.

IT IS SO ORDERED.

Dated: **December 4, 2019**  /s/ Erin P. Grog
UNITED STATES MAGISTRATE JUDGE