UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>BROCKWAY, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00651-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR RELIEF<br><br>(ECF No. 71)<br><br>ORDER DIRECTING PLAINTIFF TO FILE SCHEDULING CONFERENCE STATEMENT<br><br>TWENTY-ONE-DAY DEADLINE<br><br>(ECF No. 68)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF ORDER REQUIRING STATEMENTS FROM PARTIES REGARDING SCHEDULE AND DISCOVERY<br><br>(ECF No. 68) |

Plaintiff Gary Paul Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case proceeds against Defendants Bishop and Brockway concerning Plaintiff's claims that they were deliberately indifferent to his safety. Before the Court is Plaintiff's motion for relief, which the Court will deny for the reasons discussed below. (ECF No. 71). Additionally, as Plaintiff has failed to timely file a scheduling and discovery statement, the Court will order him to file one.

1

**I.     Motion for Relief**

On September 23, 2021, Plaintiff filed a motion for relief. This twenty-two-page filing raises various issues. However, Plaintiff's predominant point appears to be that he believes that the Ninth Circuit has already ruled that his Eighth Amendment rights were violated in relation to his deliberate indifference claim in this case. (ECF No. 71, p. 2) ("Is this district court trying to obtain relief from a judgment or order from the Ninth Circuit? A high court, because Plaintiff won . . . his appeal? Order Plaintiff received . . . states clearly Plaintiff's 8th was in fact violated."). Plaintiff is incorrect to the extent that he believes that the Ninth Circuit has already concluded that his constitutional rights were violated.

As noted in the Court's June 25, 2021 order, after the District Judge adopted findings and recommendations to dismiss this case because Plaintiff failed to state a claim and follow Federal Rules of Civil Procedure 8, 18, and 20, the Ninth Circuit affirmed in part, vacated in part, and remanded, concluding that Smith's fourth amended complaint "delineated with sufficient specificity and detail a claim alleging that defendants Bishop and Brockway were deliberately indifferent to Smith's safety" and remanded for further proceedings consistent with this determination." (ECF No. 54, p. 2). Accordingly, the Ninth Circuit has only concluded that Plaintiff's complaint sufficiently stated a deliberate indifference claim against Bishop and Brockway to proceed past the screening stage—it did not conclude that these Defendants violated Plaintiff's constitutional rights.

The next step in this case will be to enter a case schedule, which is currently being delayed by Plaintiff's failure to file a scheduling and discovery statement. Accordingly, as discussed below, the Court will order Plaintiff to file a scheduling and discovery statement.

The Court notes that Plaintiff's filing raises other issues, for example, Plaintiff lists how he wants Defendants to pay him the over $7 million that he desires to settle this case. (ECF No. 71, p. 4). For any future filings, the Court directs Plaintiff to review Federal Rule of Civil Procedure 7(b)(1), which requires any request for a court order to be made by motion and for the motion to (1) be made in writing unless made during a hearing or trial, (2) to state with particularity the grounds for seeking the order, and (3) to state the relief sought. The Court may

deny any future filing labeled as a motion or one requesting a court order that fails to comply with this Rule. *See Boring v. Nationstar Mortg., LLC*, No. 2:13-CV-01404-GEB, 2014 WL 66776, at *3 (E.D. Cal. Jan. 7, 2014) (denying motion that failed to comply with Rule 7(b)(1)).

## II. Scheduling and Discovery Statement

On August 30, 2021, the Court entered an order directing the parties to file scheduling and discovery statements within thirty days from the date of service of the order, identifying specified information for the Court to consider in setting a case scheduling. (ECF No. 68). On September 29, 2021, Defendants filed their scheduling and discovery statement. (ECF No. 72). Plaintiff has not filed a scheduling and discovery statement, and his deadline to do so has passed.

The Court will grant Plaintiff an additional twenty-one days to file his scheduling and discovery statement and will direct the Clerk of Court to send Plaintiff a copy of the order requiring scheduling and discovery statements from the parties. The Court notes that, if Plaintiff fails to file his statement within this twenty-one-day period, the Court may issue findings and recommendations to the assigned district judge, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders.

## III. ORDER

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for relief is DENIED (ECF No. 71);
2. Plaintiff has twenty-one days from the date of service of this order to file his scheduling and discovery statement;
3. Failure to comply with this order may result in the dismissal of this action; and
4. The Clerk of Court is directed to send Plaintiff a copy of the order requiring scheduling and discovery statements from the parties (ECF No. 68).

IT IS SO ORDERED.

Dated:  **October 15, 2021**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3