1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>BROCKWAY, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00651-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE TO DISTRICT OF OREGON<br><br>(ECF No. 75)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA |

Plaintiff Gary Paul Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case proceeds against Defendants Bishop and Brockway concerning Plaintiff's claims that they were deliberately indifferent to his safety. Before the Court is Plaintiff's motion for a change of venue to the United States District Court for the District of Oregon, which the Court will deny for the reasons discussed below.[1] (ECF No. 75). However, upon review of Plaintiff's surviving claims, the Court determines that it is proper to transfer this case to the Sacramento Division of the Eastern District of California.

---

[1] Plaintiff's motion is a nondispositive matter that this Court may rule on by order. *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) ("Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).").

1

## I.   MOTION FOR CHANGE OF VENUE

On October 22, 2021, Plaintiff filed a motion for change of venue. (ECF No. 75). This seven-page filing raises various issues. However, Plaintiff's predominant request is for the case to be transferred to the District of Oregon because he believes that he will not receive a fair trial before this Court. (*Id.* at 1) ("Also as important his right to change of [venue.] As Court knows there's absolutely NO chance of Plaintiff receiving a fair & just trial anywhere in this Court's jurisdiction. There-fore this State. . . . Plaintiff sent DAG Court 9th Circuit & United States Supreme Court change of [venue] And the undisputable fact. Plaintiff has already chose Oregon. . . .").

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The moving party bears the burden of showing the balance of conveniences favors the transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) ("The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice.").

In considering a motion to transfer venue under § 1404(a), the court may weigh a number of factors, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, Plaintiff has not satisfied the standards of § 1404(a). Plaintiff has made no argument showing that the above factors weigh in favor of transferring this case to the District of Oregon. Rather, the only argument for a change of venue that Plaintiff offers is his unsupported allegation

2

that he will not receive a fair trial before this Court. Such a conclusory assertion does not meet Plaintiff's burden of establishing grounds for a change a venue.

## II.  TRANSFER TO THE SACRAMENTO DIVISION

Plaintiff filed this lawsuit on May 14, 2019, naming Defendants, such as Fresno County, located within the venue assigned to the Fresno Division of the Eastern District. *See* Local Rule 120(d) (listing actions arising in Fresno County as within the venue of the Fresno Division); (ECF No. 1, p. 1). However, Plaintiff has since amended his complaint multiple times, with the operative complaint being Plaintiff's fourth amended complaint. (ECF No. 41).

Following the Ninth Circuit's decision in this case, this case now proceeds only on Plaintiff's claims that Defendants Bishop and Brockway were deliberately indifferent to his safety. (*See* ECF Nos. 41; 54, 55). These claims arise out of Mule Creek State Prison in Ione, California, where Defendants Bishop and Brockway were correctional officers at the time of the incident giving rise to Plaintiff's claims. (ECF No. 41, p. 2). Ione, California is located within Amador County. Under Local Rule 120(d), actions arising in Amador County are properly commenced in the Sacramento Division of the Eastern District. Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, because the surviving claims in this case concern events arising within the Sacramento Division, this action will be transferred to that Division.

## III.  ORDER

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for a change of venue to the District of Oregon is denied (ECF No. 75);
2. This action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento; and

\\\
\\\
\\\
\\\

3. All future filings shall refer to the new Sacramento case number assigned and shall be filed at:

>United States District Court
>Eastern District of California
>501 "I" Street, Suite 4-200
>Sacramento, CA 95814

IT IS SO ORDERED.

Dated: **October 27, 2021**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

4